UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL JOSEPH COLLIER, JR.,

        Petitioner,

v.

MELISSA ANDREWJESKI,

        Respondent.

Case No. C23-568-JNW-MLP

ORDER

This is a federal habeas action brought under 28 U.S.C. § 2254. Petitioner Michael Joseph Collier, Jr., proceeding *pro se*, is currently incarcerated at the Coyote Ridge Corrections Center in Connell, Washington. The Court directed service of Petitioner's federal habeas petition, and Respondent recently filed an answer together with relevant portions of the state court record. (Dkt. ## 20-21, 28-29.) Respondent's answer is noted on the Court's calendar for consideration on July 14, 2023. (*See* dkt. # 28.)

Currently before the Court are Petitioner's: (1) Motion "for Early Release" (dkt. # 24); and (2) Motion "for Expansion of the Record" (dkt. # 25). Petitioner's Motions seek early release from custody and leave to supplement the pending habeas petition with an additional exhibit. (Dkt. # 24 at 1; Dkt. # 25 at 1.) The additional exhibit is comprised of a May 31, 2023, Order of

ORDER - 1

the Washington Court of Appeals dismissing a recently filed personal restraint petition, and Petitioner's request for the Washington Supreme Court's review of that Order. (Dkt. # 25 at 1.) Respondent filed a response to Petitioner's Motion for Early Release, but did not respond to Petitioner's Motion for Expansion of the Record. (Dkt. # 27.) Petitioner did not file a reply to either of his motions.

Petitioner's Motion for Early Release argues that the Washington State Indeterminate Sentence Review Board ("ISRB") has found him to be conditionally releasable as a low-risk offender, and therefore, he should be immediately released from custody. (*See* dkt. # 24.) Respondent argues that Petitioner fails to establish "special circumstances" or a "high probability of success" on the merits of his federal habeas petition for his requested relief. (Dkt. # 27 at 2 (citing *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016).) Primarily, Respondent notes Petitioner's grounds for relief raised in his habeas petition are barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d), and that Petitioner is otherwise attempting to improperly raise a new claim not addressed in his habeas petition against the ISRB. (*Id.*; *see also* dkt. # 28.)

The Ninth Circuit "ha[s] not yet decided whether district courts have the authority to grant bail pending resolution of a habeas petition." *McCandless*, 841 F.3d at 822 (citation and internal quotations omitted). "If district courts have that authority, [the Ninth Circuit] ha[s] indicated that it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'" *Id.* (quoting *Land v. Deeds*, 878 F.2d 318, 318 (9th Cir. 1989)); *see also Medina v. U.S. Dep't of Homeland Sec.*, 2017 WL 2954719, at *21 (W.D. Wash. Mar. 14, 2017), *report and recommendation adopted*, 2017 WL 1101370 (W.D. Wash. Mar. 24, 2017).

ORDER - 2

Here, the Court agrees that Petitioner fails to establish any "special circumstances" or a "high probability of success" on the merits of his federal habeas petition justifying his immediate release. As noted by Respondent, there remain outstanding issues with regard to the timeliness of the claims raised in Petitioner's habeas petition that will be addressed once Petitioner's petition becomes ripe for this Court's consideration. Furthermore, Petitioner's claim that the ISRB has previously found him to be conditionally releasable is independent of the constitutional and jurisdictional challenges raised in his habeas petition regarding the indeterminate sentence imposed for his 2013 guilty plea to two counts of Child Molestation in the First Degree, RCW 9A.44.083. (*See* dkt. # 20.) Accordingly, Petitioner's Motion for Early Release (dkt. # 24) is DENIED.

As to Petitioner's Motion for Expansion of the Record, based on Petitioner's request and Respondent's lack of opposition, Petitioner's Motion for Expansion of the Record (dkt. # 25) is GRANTED. Petitioner's supplemental exhibit will be considered with those previously submitted with his habeas petition.

The Clerk is directed to send a copy of this Order to the parties and to the Honorable Jamal N. Whitehead.

Dated this 29th day of June, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3