UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL COLLIER,

        Petitioner,

v.

MELISSA ANDREWJESKI,

        Respondent.

Case No. C23-568-JNW-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Michael Collier is a state prisoner who is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2013 King County Superior Court judgment and sentence. (*See* dkt. # 20.) Respondent has filed an answer to Petitioner's amended petition together with relevant portions of the state court record. (Dkt. ## 28-29.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* dkt. # 28.) Petitioner has filed a response to Respondent's answer (dkt. # 38), and various other documents in support of his petition (*see* dkt. ## 25, 34-35, 41). This Court, having reviewed Petitioner's amended petition, Respondent's answer, all additional briefing, and the

state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

## II. BACKGROUND

On September 23, 2013, Petitioner entered guilty pleas to two counts of child molestation in the first degree in King County Superior Court. (*See* dkt. # 29-2 at 21.) On October 24, 2013, Petitioner was sentenced under RCW 9.94A.507 to concurrent minimum terms of 89 months confinement and maximum terms of life imprisonment. (*Id*. at 24-25.) The judgment was filed the following day, October 25, 2013. (*See id*. at 21.) Petitioner will remain under the jurisdiction of the Indeterminate Sentence Review Board ("the Board") for the remainder of his life, in accordance with RCW 9.94A.507(5).

The Board conditionally released Petitioner in 2019. (Dkt. # 29-2 at 34-35, 37-39.) In May 2021, Petitioner's community custody was suspended, but it was subsequently reinstated in July 2021. (*Id*. at 42-45.) The Board revoked Petitioner's release in December 2021 following his repeated violations of the conditions of his release, and the Board thereafter set a new minimum term of 24 months confinement. (*See* dkt. ## 29-2 at 84-87, 29-10 at 4.) In April 2023, the Board found Petitioner releasable, but he apparently remains in custody at this time pending approval of an offender release plan. (*See* dkt. ## 28 at 2, 29-10 at 6-8.)

Petitioner did not pursue a direct appeal of his judgment and sentence, though he has on two occasions sought post-conviction relief in the state courts. (*See* dkt. ## 29-1, 29-7.) On August 18, 2022, Petitioner filed a personal restraint petition in the Washington Court of Appeals challenging the Board's December 2021 decision revoking his release. (*See* dkt. # 29-1.) On March 17, 2023, the Court of Appeals issued an order dismissing the petition upon concluding that it was frivolous. (*See* dkt. # 29-4.) Petitioner thereafter sought review by the Washington

Supreme Court (dkt. # 29-5), and the Supreme Court issued a ruling denying review on April 3, 2023 (dkt. # 29-6).

On March 27, 2023, Petitioner filed a second personal restraint petition in the Washington Court of Appeals, apparently challenging his 2013 judgment and sentence. (*See* dkt. # 29-7.) On May 31, 2023, the Court of Appeals issued an order dismissing Petitioner's second personal restraint petition. (*See* dkt. # 29-8 at 8-10.) Petitioner sought further review by the Washington Supreme Court, and his motion for discretionary review apparently remains pending in that court at the present time. (*See* dkt. ## 29-8, 29-9.)

Petitioner filed his original § 2254 petition in the United States District Court for the Eastern District of Washington on April 10, 2023, and the petition was transferred to this district on April 12, 2023 (*See* dkt. ## 1, 7.) Petitioner filed his amended petition on May 16, 2023, and that is the operative petition in this action. (Dkt. # 20.) The briefing with respect to the amended petition is now complete and this matter is ripe for review.

### III.    DISCUSSION

#### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, because Petitioner did not file a direct appeal, his conviction became final for purposes of calculating the statute of limitations upon the expiration of the time for filing a notice of appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012). The King County Superior Court entered the judgment and sentence in Petitioner's case

on October 25, 2013. (Dkt. # 29-2 at 21.) The time for filing a notice of appeal would have expired thirty days after entry of the judgment and sentence, or November 25, 2013.[1] *See* 28 U.S.C. § 2244(d)(1)(A); Rules 5.1, 5.2, Washington Rules of Appellate Procedure. Petitioner's one-year statute of limitations began to run the following day and expired one year later on November 26, 2014. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). While Petitioner filed two personal restraint petitions in the state courts, both were filed well after the statute of limitations had already expired. Once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Accordingly, Petitioner's petitions for post-conviction relief did not act to toll the limitations period.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id.* at 1065. In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Petitioner presents

---

[1] Because the end of the thirty-day period fell on a Sunday, November 24, 2013, the deadline to file a notice of appeal did not expire until the following day. *See* Rule 6(a), Washington Superior Court Civil Rules; Rule 8.1, Washington Superior Court Criminal Rules.

REPORT AND RECOMMENDATION
PAGE - 4

no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that Petitioner has met the requirements for the application of equitable tolling.

The record makes clear that Petitioner presented his federal habeas petition to the Court for filing over eight years after the federal statute of limitations expired, and he has not demonstrated that he is entitled to any tolling of the limitations period. Petitioner's petition is therefore time-barred and must be dismissed.

### B. Petitioner's Pending Motions

Petitioner has filed multiple motions during the pendency of this matter, two of which are currently pending. On July 5, 2023, Plaintiff filed a motion which he identified as "Petitioner's Initiated Summary Proceeding Without Evidentiary Hearing." (Dkt. # 34.) Petitioner requests therein that this Court "abandon the 'unconstitutional' statue [sic] 2254(d)(1) as it violates Article III" and grant him the relief he seeks by way of the instant habeas petition. (*See id*. at 2.) Respondent, in his response to Petitioner's motion, correctly points out that the Court is not free to disregard the requirements of the governing statute, § 2254. (Dkt. # 36.) Moreover, given this Court's conclusion that Petitioner's petition is time barred, any argument concerning the proper standard to be applied in addressing the substance of Petitioner's habeas claims is effectively moot. Petitioner's motion should therefore be denied.

On July 10, 2023, Petitioner filed a motion for appointment of counsel. (Dkt. # 37.) Petitioner argues therein that appointment of counsel is appropriate because he has presented non-frivolous grounds for federal habeas relief and is entitled to issuance of the writ. (*See id*. at 3-5.) Petitioner also reiterates his argument that § 2254(d)(1) is unconstitutional and should not be applied in this case. (*See id*. at 2, 6.)

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254

unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. However, the Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A. Because this Court has concluded that Petitioner's federal habeas petition is clearly time barred, no evidentiary hearing is necessary, and the interests of justice do not require the appointment of counsel. Petitioner's motion for appointment of counsel should therefore be denied.

      C.     **Certificate of Appealability**

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV.    CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's amended petition for writ of habeas corpus (dkt. # 20) and this action be dismissed, with prejudice, as untimely under § 2244(d). This Court further recommends that Petitioner's motion regarding the initiation of a summary proceeding (dkt. # 34) and his motion for appointment of counsel (dkt. # 37) be denied.

Finally, this Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 15, 2023**.

DATED this 23rd day of August, 2023.

_____
MICHELLE L. PETERSON
United States Magistrate Judge