UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL JOSEPH COLLIER, JR., <br><br> Petitioner, <br><br> v. <br><br> MELISSA ANDREWJESKI, <br><br> Respondent. | CASE NO. 2:23-cv-568 <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

On August 23, 2023, the Honorable Michelle L. Peterson, U.S. Magistrate Judge for the Western District of Washington, issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Plaintiff Michael Collier Jr.'s case with prejudice. Dkt. No. 42. For the reasons explained below, the Court adopts the R&R and DISMISSES Collier's case.

**1. BACKGROUND**

Collier petitioned for a writ of habeas corpus on May 16, 2023. Dkt. No. 20. He then filed motions for a summary proceeding and appointment of counsel. Dkt. Nos. 34, 37. He is being held at Coyote Ridge Corrections Center in Connell,

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Washington and is seeking relief from his 2013 King County Superior Court judgment and sentence. *See* Dkt. No. 20.

Judge Peterson recommends dismissal of Collier's habeas petition with prejudice because his petition was untimely under 28 U.S.C. § 2244(d). Dkt. No. 42. Because the habeas petition is time-barred, Judge Peterson also recommends denial of Collier's motions for summary proceedings and appointment of counsel. *Id.* In the R&R, Judge Peterson explains that the Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limit for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). Because the time for him to file a notice of appeal expired 30 days after entry of the judgment and sentence on November 25, 2013, Judge Peterson concluded Collier's one-year statute of limitations expired on November 26, 2014. Dkt. No. 42 at 4. Collier's federal habeas petition was received on May 16, 2023, over eight years too late. *See* Dkt. Nos. 20, 42 at 5. Judge Peterson held that Collier has not demonstrated that he is entitled to an equitable tolling of the limitations period. Dkt. No. 42 at 5.

Collier filed a timely objection to the R&R. Dkt. No. 43. Collier's objection challenges the sentencing court's jurisdiction and the legality of his sentence on constitutional and state law grounds. *Id.* at 2-5. He also claims he was not fully informed about "Blakely" when he entered his guilty plea and discusses his learning challenges. *Id.* at 2-3.

## 2.  ANALYSIS

The Court "must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." Fed. R. Civ. P. 72(b)(3) (emphasis

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

added). Rule 72(b)(2) provides that "a party may serve and file *specific* written objections to the proposed findings and recommendations." (emphasis added). But "a general objection has the same effect as no objection at all, since it does not focus the Court's attention on any specific issue for review." *Brandon v. Dep't of Corr.*, C21-5417-JCC, 2021 WL 5937685, at *1 (W.D. Wash. Dec. 16, 2021) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). To avoid duplication of efforts by this Court and the Magistrate Judge, "de novo review is not required when a party fails to direct the court to a specific error in the R&R." *Brandon*, 2021 WL 5937685, at *1 (citing *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F. Supp. 2d 472, 475 (W.D.N.C. 2003)).

Although Collier filed an objection to the R&R, he failed to provide a *specific* objection to Judge Peterson's recommendation that his case be dismissed as untimely under § 2244(d). Dkt. No. 43. So it's as if he filed no objection at all.

Rather, Collier raises various non-responsive legal theories in his filing. He alleges, for example, that there were jurisdictional errors at the state court. *Id.* at 2. Collier cites to various cases, none of which relate to the issue of an untimely habeas filing. *See id.* at 1-2. Collier's filing leaves the Court guessing what—if any—issue he takes with the R&R. *See Brandon*, 2021 WL 5937685, at *1. Collier does not address the statute of limitations or his failure to file a timely federal habeas petition, which forms the basis for Judge Peterson's recommendation. *See* Dkt. No. 42. This Court "should not have to guess what arguments [a petitioner] depends on when reviewing a magistrate's report." *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

"Where no objections to the magistrate's report have been filed, the district court may give the review it deems appropriate." *Chea*, 2010 WL 2342542, at *1. After

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

reviewing the record, the Court finds Judge Peterson's reasoning regarding dismissal based on Collier's untimely filing persuasive. *See Zuniga v. King Cnty. Sheriff's Off.*, C22-0048JLR, 2022 WL 897609, at *2 (W.D. Wash. Mar. 28, 2022), *certificate of appealability denied*, 22-35317, 2022 WL 19569065 (9th Cir. Nov. 21, 2022) (stating petitioner did not "raise specific objection to Magistrate Judge Peterson's recommendation for dismissal based on the overlap between his petition and his ongoing criminal proceedings in state court . . . Thus, the court need not review Magistrate Judge Peterson's recommendation for dismissal on that basis de novo.") (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)).

Judge Peterson also recommended that this Court deny Collier's motions requesting summary proceedings and the appointment of counsel. Dkt. Nos. 34, 37, 42. The Court agrees with Judge Peterson that because the federal habeas petition is time barred, any argument about the merits of Collier's habeas claim is moot. For the same reason, no evidentiary hearing is necessary, and Collier has failed to demonstrate the interests of justice require the appointment of counsel. Thus, the Court denies both Collier's motion regarding the initiation of a summary proceeding and his motion for appointment of counsel.

Finally, Judge Peterson recommended that this Court deny a Certificate of Appealability. Under 28 U.S.C. § 2253(c)(2), a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held this means a petitioner must "show[ ] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Specifically, when a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, the petitioner must show (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Because each component of § 2253(c) is part of the threshold inquiry, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id*. at 485.

Collier's motion for Certificate of Appealability states that he has shown "constitutional errors" that are inherent of "manifest injustice," but he fails to provide reasoning for this conclusion. *See* Dkt. No. 44 at 1. Judge Peterson found that the record here "makes clear that Petitioner presented his federal habeas petition to the Court for filing over eight years after the federal statute of limitations expired, and [Collier] has not demonstrated that he is entitled to any tolling of the limitations period. [Collier's] petition is therefore time-barred and must be dismissed." Dkt. No. 42 at 5. As noted earlier, Collier does not address the statute of limitations for his petition. *See* Dkt. No. 44. Likewise, he does not discuss equitable tolling or circumstances that would justify its application. The Court finds that no reasonable jurist could find it debatable whether the Court is correct in its procedural ruling. For this reason, the Court denies a Certificate of Appealability.

### 3. CONCLUSION

The Court, having review the R&R of Hon. Michele L. Peterson, Collier's objections to the R&R, and the remaining record, does find and ORDER:

(1) The Court adopts and enters the proposed judgment under Dkt. No. 42-2.

(2) Collier's habeas corpus petition is DENIED.

(3) A certificate of appealability is DENIED.

(4) The Clerk is directed to send copies of this Order to Collier, counsel for Respondent, and to the Hon. Michelle L. Peterson.

Dated this 13th day of December, 2023.

Jamal N. Whitehead
United States District Judge